# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**ANDREW R. TRAMMELL,**

        Defendant.

**Case No. 19-MJ-02050-DPR**

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure Defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed the offense of possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A);

2. Defendant poses a risk to the safety of others in the community; and

3. Defendant poses a flight risk.

## SUPPORTING SUGGESTIONS

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of

conditions will reasonably assure a defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq*.) for which imprisonment for 10 years or more is possible. In this case, Defendant is charged with possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime for which a term of imprisonment of life is possible.

The Government further submits that, in light of the Complaint filed in this case, there is probable cause to believe Defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(A). Section 3142(e) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act. Accordingly, the Government contends that, upon a showing that there exists probable cause that Defendant committed the offense referred to in the sole count of the Complaint, there is a legal presumption, subject to rebuttal by Defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir. 1988).

Additionally, under the Bail Reform Act, there is a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *see also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). Defendant is exposed to a sentence of up to life imprisonment and may not receive a sentence of less than 10 years' imprisonment if convicted of the sole offense charged in the Complaint. Furthermore, the Government believes Defendant is subject to enhancement

2

Case 6:19-mj-02050-DPR   Document 6   Filed 06/10/19   Page 2 of 5

under section 851, thereby potentially increasing his minimum sentence to 15 years' imprisonment.

Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Tortora,* 922 F.2d at 885–86. Danger to the community does not only refer to physical violence, but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora,* 922 F.2d 880 (1st Cir. 1990).

To further support the Government's contention that Defendant is a risk to the safety of the community and presents a flight risk, the Government offers that:

1. On June 6, 2019, Defendant fled an attempted traffic stop and led law enforcement on a chase from Christian County, Missouri, to Branson, Missouri, where he crashed his vehicle after a tire deflation device was deployed. Defendant then proceeded to flee the vehicle and was apprehended after a brief foot chase. An inventory search of the crashed vehicle yielded approximately six pounds of suspected methamphetamine and a large quantity of United States currency.

2. Defendant has a history of criminal activity that includes the following convictions:

    a. Tampering with a motor vehicle in Buchanan County, Missouri, on or about March 5, 2015;

    b. Driving while intoxicated by drugs in Andrew County, Missouri, on or about February 4, 2014;

    c. Possession of a controlled substance in Buchanan County, Missouri, on or about December 17, 2012;

d. Unlawful use of drug paraphernalia in Buchanan County, Missouri, on or about January 4, 2012;

e. Distribution of a controlled substance in Buchanan County, Missouri, on or about November 6, 2006;

f. Possession of a controlled substance and resisting arrest in Buchanan County, Missouri, on or about January 20, 2005;

g. Third degree assault in Buchanan County, Missouri, on or about August 22, 2001;

h. Possession of marijuana in Buchanan County, Missouri, on or about April 17, 1997; and

i. Possession of marijuana in Buchanan County, Missouri, on or about July 17, 1996.

3. A review of public court records indicates Defendant was sentenced to four years' imprisonment following his conviction of tampering with a motor vehicle in 2015.

4. Defendant appears to have limited ties to the Springfield metropolitan area beyond the trafficking of methamphetamine, and law enforcement records indicate his home address is in St. Joseph, Missouri.

For the foregoing reasons, the United States requests that a detention hearing be held and that Defendant be denied bail.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney
    Western District of Missouri

By    */s/ Byron H. Black*
    Byron H. Black
    Minnesota Bar No. 0395274
    Assistant United States Attorney
    901 East St. Louis Street, Suite 500
    Springfield, Missouri 65806-2511

4

Case 6:19-mj-02050-DPR   Document 6   Filed 06/10/19   Page 4 of 5

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on June 10, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

>  */s/ Byron H. Black*
> Byron H. Black
> Assistant United States Attorney